IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHIRLEY WHITE-LETT,

     Plaintiff,

v.

NEW PEN FINANCIAL, LLC, d/b/a
SHELLPOINT MORTGAGE
SERVICING, INC.;

     Defendant.

CIVIL ACTION FILE NO.
1:17-cv-003385-CC-LTW

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on a Motion for Partial Summary Judgment (Doc. 84) filed by *pro se* Plaintiff Shirley White-Lett and a Motion for Summary Judgment (Doc. 99) filed by Defendant NewRez LLC f/k/a New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing ("Defendant").  One of the two remaining claims in this case—Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim—is based on Plaintiff's assertion that Defendant threatened to seek a deficiency judgment even though Plaintiff's mortgage had been discharged in her bankruptcy.  (Doc. 55, at 28–31).  Defendant argues Plaintiff cannot bring such a claim because her remedy lies in Bankruptcy Court.  (Doc. 99, at 17–18).  The Eleventh Circuit has yet to directly

address such an argument, and the issue has split the circuits.  Sellers v. Rushmore Loan Mgmt. Servs., 941 F.3d 1031, 1042 (11th Cir. 2019).

As the Ninth Circuit noted, an FDCPA claim like Plaintiff's "necessarily entails bankruptcy-laden determinations" and the "Bankruptcy Code provides its own remedy for violating [11 U.S.C.] § 524." Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002).  The Court need not decide whether Plaintiff is *required* to seek the remedy provided by the Bankruptcy Code, as the Walls Court held, because Plaintiff has voluntarily decided to seek relief for Defendant's alleged discharge violation in the Bankruptcy Court.   While this case was pending, Plaintiff filed an Adversary Proceeding in the Bankruptcy Court for the Northern District of Georgia raising the same allegations at issue here—asserting that Defendant violated the bankruptcy discharge by threatening to collect a deficiency judgment. White-Lett v. Bank of New York Mellon Corporation et al., Bankr. N.D. Ga. Case No. 20-06031-bem, Doc. 1.  The Bankruptcy Court has the expertise needed to make the "bankruptcy-laden determinations" regarding whether Plaintiff reaffirmed her mortgage debt—as she previously argued she did (see Doc. 99-2, at 62–63)—or whether she did not reaffirm the debt—as she now argues (see Doc. 84, at 20).  The Bankruptcy Court is also explicitly vested by Congress with the authority to remedy any alleged violation,

2

whereas the FDCPA relief Plaintiff seeks in this case might "circumvent the remedial scheme of the [Bankruptcy] Code." See Walls, 276 F.3d at 510.

Moreover, Plaintiff's Bankruptcy Case itself has been reopened and within the last week the Bankruptcy Court has reappointed a trustee to investigate the validity of Plaintiff's bankruptcy. In re: Shirley Lett, Bankr. N.D. Ga. Case No. 10-61451-bem, Doc. 41. Apparently, before Plaintiff ever received a bankruptcy discharge, she sold a company for $860,000—a fact she allegedly neglected to tell the Bankruptcy Court. See In re: Shirley Lett, Bankr. N.D. Ga. Case No. 10-61451-bem, Doc. 38. The Bankruptcy Court must now decide if Plaintiff's entire bankruptcy discharge is void because of her alleged omission. That determination, in turn, implicates Plaintiff's FDCPA claim in this case. See (Doc. 84, at 20).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). The Court concludes that it would be a "waste of judicial resources to entertain" Plaintiff's FDCPA claim in this action since the claim "necessarily requires" a determination that her bankruptcy discharge was valid—a new issue pending before the Bankruptcy Court that has not

been briefed in this Court.  See Great Lakes Dredge & Dock Co. v. Ebanks, 870 F. Supp. 1112, 1120 (S.D. Ga. 1994) (staying the plaintiff's action for specific performance because it depended "on an issue which will be decided during the course of a pending state court proceeding").  Additionally, it is not economical for this Court to decide a claim when "another suit is pending . . . between the same parties" in a court that is better situated to decide the issues raised by the parties.  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942).[1]  Since Plaintiff and Defendant are also both parties to the Adversary Proceeding, they can effectively represent their interests even while this case is stayed.

Given that Plaintiff's FDCPA claim will depend on unsettled issues in her Bankruptcy Case and that the Bankruptcy Court has far greater expertise in deciding the issues already pending before it, the Court concludes that principles of judicial economy, abstention, and comity merit staying this proceeding.[2]  "When a district court exercises its discretion to stay a case pending the resolution of related proceedings in

---

[1] The Brillhart case involved the dismissal of a "suit for a declaratory judgment." See 316 U.S. at 492.  The same abstention principles can be applied in case like this one—an action for damages—but only "permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 719–21 (1996) (emphasis in original).

[2] While only Plaintiff's FDCPA claim is implicated by the bankruptcy issues discussed above, judicial economy dictates that the Court stay the entire case.

another forum, the district court must limit properly the scope of the stay." <u>Ortega Trujillo v. Conover & Co. Commc'ns</u>, 221 F.3d 1262, 1264 (11th Cir. 2000).  Both Plaintiff's Adversary Proceeding and her reopened Bankruptcy Case are proceeding apace and thus the Court believes a short stay of this case should be sufficient.

For the foregoing reasons, the undersigned **RECOMMENDS** that this case be **STAYED** for four (4) months to allow the Bankruptcy Court to decide the issues pending before it.   The Court further **RECOMMENDS** that this case be **ADMINISTRATIVELY CLOSED** for the duration of the stay, with either party granted leave to file a motion to reopen should the Bankruptcy Court issue a decision before the stay expires.  However, the Court fully recognizes that the Bankruptcy Court has a heavy docket of its own and wide latitude in managing its cases.  The Court also notes that "the exigent circumstances created by the spread of COVID-19" have necessitated certain delays.  <u>See</u> (Docs. 85, 95, 96, 98, 101, 105).  As such, the parties are granted leave to request an additional stay, if necessary.

**SO REPORTED AND RECOMMENDED**, this   15   day of June, 2020.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE